OPINION
{¶ 1} Randall L. Webb appeals from a judgment of the Darke County Court of Common Pleas, which denied his motion to withdraw his guilty plea to one count of theft by deception.
 {¶ 2} On September 2, 2003, Webb was indicted for theft by deception from an elderly person in an amount greater than $25,000, a felony of the second degree. Specifically, Webb was alleged to have taken $80,000 from Robert and Geraldine Beery, ages 82 and 78, respectively, with the understanding that he would invest the funds in an ING investment account on their behalf. The money was never invested with ING. The Beerys received "interest" checks from Webb's agency, and later from his personal accounts, for a number of months, but eventually the checks began to bounce. The Beerys then discovered that their money had never been deposited with ING. Webb claimed that he had neglected the management of his business and the supervision of his employees during this period because his father had been seriously ill, implying that someone else had been responsible for the misappropriation of the funds.
 {¶ 3} The matter was originally scheduled for trial in June 2004, but Webb sought a continuance "to complete discovery and to have expert witnesses review documents, bank statements, cancelled check[s] and business records." The trial court continued the trial until October 2004. Prior to trial, however, Webb requested another continuance. Again, he cited the need "to complete discovery and to have expert witnesses review documents, bank statements, cancelled checks and business records." The trial was rescheduled for February 2005.
 {¶ 4} In January 2005, the state requested a continuance to investigate the existence of other similar acts by Webb in the hope of identifying witnesses who could verify or attack Webb's defense. The trial court continued the trial until April. In early April 2005, Webb requested another continuance because two of his witnesses would be unavailable for the April trial dates. The trial court agreed to continue the trial until June 2005 over the state's objection.
 {¶ 5} On the morning of trial, Webb entered a guilty plea pursuant to North Carolina v. Alford (1970), 400 U.S. 25,91 S.Ct. 160, 27 L.Ed.2d 162, in exchange for which the state amended the charge to a felony of the third degree. Sentencing was scheduled for July 14, 2005.
 {¶ 6} On July 13, 2005, Webb filed a motion to withdraw his guilty plea and proceed to trial. On July 14, without reference to the motion to withdraw the plea, the court sentenced Webb to two years of imprisonment and ordered him to pay restitution in the amount of $80,000. On July 15, 2005, the trial court overruled Webb's motion to withdraw his guilty plea.
 {¶ 7} Webb raises one assignment of error on appeal, challenging the trial court's denial of his motion to withdraw his plea.
 {¶ 8} "A defendant's motion to withdraw a guilty plea, made before sentencing, should be freely and liberally granted, provided the movant demonstrates a reasonable and legitimate basis for the withdrawal. State v. Xie (1992),62 Ohio St.3d 521. The decision whether to grant or deny a presentence request to withdraw a guilty plea is a matter resting within the trial court's sound discretion. Id. Such decisions will not be disturbed on appeal absent a showing that the trial court abused its discretion; that is, acted in an unreasonable, arbitrary, unconscionable manner. Id. No abuse of discretion is demonstrated where: (1) the accused is represented by highly competent counsel, (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before entering the plea, (3) after the motion to withdraw is filed the accused is given a complete and impartial hearing on the motion, and (4) the record reveals that the trial court gave full and fair consideration to the plea withdrawal request. State v. Peterseim (1980),68 Ohio App.2d 211." State v. Andriacco, Miami App. No. 05CA3, 2005-Ohio-5572. A defendant does not have an absolute right to withdraw a plea prior to sentencing. Xie, 62 Ohio St.3d at 526.
 {¶ 9} In his motion, Webb claimed that, after entering his plea, he received a detailed report from his accountant that demonstrated his innocence. He claimed that he had also been a victim of the theft. The motion did not provide any detailed information about what the accountant had allegedly found or how Webb had been victimized.
 {¶ 10} At the hearing on the motion to withdraw the plea, Webb testified to the confusing state of his business records while his father suffered a serious illness and to his difficulty in subsequently obtaining documents from his bank. He testified that his bank statements were first available for his accountant to review approximately two weeks before the sentencing hearing, although he had been indicted almost two years earlier. He stated that he had not received any report from his accountant prior to entering his plea and had not realized that approximately $170,000 was unaccounted for in his business records. At the time of the hearing, Webb claimed that he was still waiting to receive certified copies of his commission checks to determine where the funds had actually gone and that he hoped these records would point to the true thief. It was clear, however, that much of the evidence upon which Webb relied at the hearing came from his own records. When confronted about his denial at the plea hearing that any other cases were pending against him, when in fact he had been indicted on another matter just ten days before his plea hearing, Webb claimed a misunderstanding of the question or uncertainty at the time of the plea about whether indictments had, in fact, been issued.
 {¶ 11} The trial court overruled Webb's motion to withdraw his plea, and it provided several reasons for its decision. The court noted that Webb's theory throughout the case had been that someone else was responsible for the theft, as demonstrated by his Alford plea. The court concluded that the new report from Webb's accountant did not change the defense's theory. The court also observed that the accountant's report still did not point to any other particular person as being responsible for the theft and that much of the evidence upon which Webb relied at the hearing came from records that had been in Webb's possession throughout the proceedings, rather than from the accountant's report. The court found that there was no legitimate reason that Webb had not produced this evidence sooner. It also found him to be lacking in credibility and theorized that the last minute "discovery" of additional information was a delay tactic. The court further observed that "[e]ven if [Webb] were able to establish that someone else within the office was responsible, there still appears to be personal accountability or personal liability since he's the principal within his own company * * *." The court found that evidence of a valid defense was lacking and questioned the sincerity of Webb's motion and its timing.
 {¶ 12} Although a motion to withdraw a guilty plea before sentencing should be liberally granted, we cannot conclude that the trial court abused its discretion in overruling Webb's motion. Webb was represented by highly competent counsel and was afforded thorough hearings before entering his guilty plea and after the motion to withdraw was filed. Moreover, the trial court gave full and fair consideration to the plea withdrawal request. See Peterseim, 68 Ohio App.2d at 214. Its conclusions that Webb lacked credibility and that he had engaged in a pattern of delay tactics are amply supported by the record. Thus, the court did not err in overruling the motion to withdraw the plea.
 {¶ 13} The assignment of error is overruled.
 {¶ 14} The judgment of the trial court will be affirmed.
Fain, J. and Glasser, J., concur.
(Hon. George M. Glasser retired from the Sixth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).