OPINION
{¶ 1} William H. Dobbins, Jr., appeals from his conviction and sentence in Miami County Municipal Court following a no-contest plea to charges of driving under the influence of alcohol and disorderly conduct.
 {¶ 2} Dobbins advances three assignments of error on appeal. First, he contends the trial court erred in failing to obtain a valid waiver of his right to counsel. Second, he claims the trial court erred in accepting a no-contest plea that was not entered knowingly, intelligently, and voluntarily. Third, he contends the trial court erred in finding him guilty and sentencing him without an explanation of circumstances to support the charges. The Miami County Prosecutor's Office has not filed a brief in this appeal and, therefore, is not actively defending Dobbins' conviction. In accordance with App.R. 18(C), in determining this appeal we will accept Dobbins' statement of facts and issues as correct and will reverse the judgment if his brief reasonably supports such action.
 {¶ 3} The record reflects that Dobbins received a citation on February 12, 2006, for driving under the influence of alcohol and driving with a suspended license. The citation indicated that the offense was a "felony 4" based on prior DU I convictions. A police incident report filed the same day stated that Dobbins also was charged with possession of drug paraphernalia, possession of drugs, and disorderly conduct. The drug-related offenses were based on the alleged discovery of a drug pipe and a small amount of marijuana during the DUI stop.
 {¶ 4} Dobbins appeared at an arraignment with a public defender on February 13, 2006. At that time, the trial court set bond and scheduled a preliminary hearing, which never took place. Dobbins next appeared in court again on March 30, 2006, for a *Page 3 
change-of-plea hearing. He participated in the hearing without counsel. The full transcript of the hearing is as follows:
 {¶ 5} "JUDGE ELIZABETH S. GUTMANN: William Dobbins, 2006 TRC 01575. Mr. Dobbins, you're representing yourself?
 {¶ 6} "WILLIAM DOBBINS: Yes ma'am.
 {¶ 7} "JUDGE ELIZABETH S. GUTMANN: And I talked to the Prosecutor and he indicated to me that you were going to be pleading to one count of Operating a Motor Vehicle While Under the Influence, and he would dismiss the Driving Under Suspension, he would amend the Possession of Drug Paraphernalia to Disorderly minor. Or maybe, you would just plead to the Disorderly, minor, and he would dismiss the Paraphernalia charge and the Drug charge?
 {¶ 8} "WILLIAM DOBBINS: Correct.
 {¶ 9} "JUDGE ELIZABETH S. GUTMANN: Is that your understanding of the plea bargain?
 {¶ 10} "WILLIAM DOBBINS: Yes ma'am.
 {¶ 11} "JUDGE ELIZABETH S. GUTMANN: and further you're a third in six? So this is your third offense in six years?
 {¶ 12} "WILLIAM DOBBINS: Yes ma'am.
 {¶ 13} "JUDGE ELIZABETH S. GUTMANN: The um — there's some pretty stiff penalties associated with that including your right to a jury because the maximum sentence is twelve months in jail. And, so, if you want to enter a plea today, you'll need to execute a Jury Waiver. If you'd like to look that over.
 {¶ 14} "WILLIAM DOBBINS: I wasn't aware of that, Your Honor. *Page 4 
 {¶ 15} "JUDGE ELIZABETH S. GUTMANN: That's my job to make you aware of what your rights are, and I'm not done yet. That's the first one. Did you have any questions about that?
 {¶ 16} "WILLIAM DOBBINS: Yeah, um, this whole thing's kinda blowed out of proportion if you want my opinion. I was charged with a felony, uh, and I had a chance to look at the laws while I was in jail. Should've have a Preliminary Hearing two weeks after my arraignment and never took place.
 {¶ 17} "JUDGE ELIZABETH S. GUTMANN: Right, and you know even if it were dismissed because a Preliminary Hearing wasn't held, it could be re-filed. So, I don't know that you're really gaining anything by making some kind of motion because they would just re-file it. And, I'm gonna give you credit for all of the time that you've been in jail. Do you understand that?
 {¶ 18} "WILLIAM DOBBINS: Yes.
 {¶ 19} "JUDGE ELIZABETH S. GUTMANN: "All right. The Court will accept the Jury Waiver as being voluntary. In addition to that, if you enter a plea, well first let me tell you what — I'm gonna tell you what the maximums are and the minimums. So, I already told ya' that the maximum's twelve months and the minimum is thirty days and it has to be served consecutively, and you would get credit for the fourteen that you've got in. Do you understand that?
 {¶ 20} "WILLIAM DOBBINS: Yes ma'am.
 {¶ 21} "JUDGE ELIZABETH S. GUTMANN: The maximum fine is $1,000 and the minimum fine that I can impose is $550.00. Do you understand that?
 {¶ 22} "WILLIAM DOBBINS: Yes ma'am. *Page 5 
 {¶ 23} "JUDGE ELIZABETH S. GUTMANN: The maximum license suspension is ten years and the minimum is three years. Do you understand that?
 {¶ 24} "WILLIAM DOBBINS: Yes ma'am.
 {¶ 25} "JUDGE ELIZABETH S. GUTMANN: In addition to that, six points would be assessed against your permanent driving record. OK, so you know the maximums and the minimums, how do you wish to plead?
 {¶ 26} "WILLIAM DOBBINS: No contest.
 {¶ 27} "JUDGE ELIZABETH S. GUTMANN: All right and you, and now you need to understand that if you plead no contest, you're basically admitting to the facts contained in the Complaint as it's been amended, you know to a misdemeanor?
 {¶ 28} "WILLIAM DOBBINS: Yes ma'am.
 {¶ 29} "JUDGE ELIZABETH S. GUTMANN: And so you're waiving your right to a trial, do you understand that?
 {¶ 30} "WILLIAM DOBBINS: Yes ma'am.
 {¶ 31} "JUDGE ELIZABETH S. GUTMANN: You're waiving your right to an attorney, or to have one appointed if you can't afford it. Do you understand that?
 {¶ 32} "WILLIAM DOBBINS: Yes.
 {¶ 33} "JUDGE ELIZABETH S. GUTMANN: And I think I'll interject here, if you wanted this continued so that you could apply for the Public Defender, I would grant you, I would be obligated to grant you that continuance.
 {¶ 34} "WILLIAM DOBBINS: I'm ready to proceed.
 {¶ 35} "JUDGE ELIZABETH S. GUTMANN: All right. You're also just waiving a couple other rights associated with trial. Your right to subpoena witnesses on your own *Page 6 
behalf, your right to remain silent, and your right to have the state prove you guilty beyond a reasonable doubt. That's all your rights, that I can remember. Do you understand all of that?
 {¶ 36} "WILLIAM DOBBINS: Yes.
 {¶ 37} "JUDGE ELIZABETH S. GUTMANN: Anything, any questions?
 {¶ 38} "WILLIAM DOBBINS: No.
 {¶ 39} "JUDGE ELIZABETH S. GUTMANN: Something that you would like to say on your own behalf Mr. Dobbins?
 {¶ 40} "WILLIAM DOBBINS: I don't think it makes much of a difference now (inaudible ___).
 {¶ 41} "JUDGE ELIZABETH S. GUTMANN: Why do you say that?
 {¶ 42} "WILLIAM DOBBINS: I'll just reserve that for now.
 {¶ 43} "JUDGE ELIZABETH S. GUTMANN: O.K. Well, um, in this particular case, I think the court needs to put the reason for the sentencing on the record and so since you've not provided me with anything mitigating, I would indicate on the record that you were driving under suspension, that you refused a breathalyzer, that you were in possession of drugs and paraphernalia, that you behaved in a disorderly fashion. In addition to that you have prior convictions in 2002, 2000, `99, `92, `90, `90, `84 and `81, so you have OVI convictions going back for a period of 25 years. It would be this Court's opinion that you present a risk to the public and I'll impose the following sentence. I'll sentence, I'll impose a minimum fine of $550.00, plus the court costs. I will suspend your license for ten years from the date of offense, which is February the12th, and I'll sentence you to twelve months in jail, and give you credit for the time that you've *Page 7 
served. On the Disorderly Conduct, I'll impose costs only. Do you have any questions?
 {¶ 44} "WILLIAM DOBBINS: No.
 {¶ 45} "JUDGE ELIZABETH S. GUTMANN: All right. Good luck."
 {¶ 46} (Change-of-plea transcript, at 3-7).
 {¶ 47} In his first assignment of error, Dobbins contends the trial court erred in failing to obtain a valid waiver of his right to counsel. In particular, he asserts that the record does not reflect substantial compliance by the trial court with Crim.R. 44.
 {¶ 48} Upon review, we find Dobbins' argument to be persuasive. The DUI charge against him qualified as a "serious offense" under Crim.R. 2(C) because it was a misdemeanor punishable by confinement for more than six months. As the trial court noted during his change-of-plea hearing, he had two prior DUI convictions within six years. Therefore, Dobbins faced a possible jail sentence of twelve months. See R.C. § 4511.19(G)(1)(c). Under Traf.R. 10(C), which applies to misdemeanor traffic cases involving serious offenses, "[w]here the defendant is unrepresented by counsel, the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he has the right to be represented by retained counsel, or pursuant to Crim.R. 44 by appointed counsel, waives this rights."
 {¶ 49} The issue before us is whether Dobbins validly waived his right to counsel. "Crim.R. 44 governs the procedure for waiver of counsel in `serious offense' cases." State v. Martin, 103 Ohio St.3d 385, 390,2004-Ohio-5471. In relevant part, Crim.R. 44 provides that "[w]here a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the *Page 8 
defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel." Crim.R. 44(A). The rule also states that "in serious offense cases the waiver shall be in writing." Crim.R. 44(C).
 {¶ 50} "[W]hen a criminal defendant elects to proceed pro se, the trial court must demonstrate substantial compliance with Crim.R. 44(A) by making a sufficient inquiry to determine whether the defendant fully understood and intelligently relinquished his or her right to counsel."Martin, 103 Ohio St.3d at 392. A valid waiver "must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." Id. (citations omitted).
 {¶ 51} In this case, Dobbins appeared at the change-of-plea hearing unaccompanied by counsel, after previously having appeared at an arraignment with a public defender. At the outset of the hearing, the judge asked, "Mr. Dobbins, you're representing yourself?" Dobbins replied, "Yes ma'am." The trial court conducted no follow up questioning regarding Dobbins' pro se status. During the hearing, the trial court did explain the potential punishments. To some extent, it also addressed the nature of the charge. With regard to the waiver-of-counsel issue, the trial court asked at one point whether Dobbins understood that by pleading no contest he would waive his right to have an attorney appointed. The trial court also noted that he had a right to seek a public defender, and Dobbins responded that he was "ready to proceed" with his plea.
 {¶ 52} The trial court never clearly ascertained, however, whether Dobbins actually wanted to waive his right to counsel. Although the trial court asked whether he *Page 9 
understood that entering a no-contest plea would result in a waiver of his right to counsel, such a waiver is not a necessary consequence of pleading no contest. Indeed, many defendants enter no-contest pleas with the assistance of an attorney. Moreover, the record contains no discussion about the ramifications of waiving the right to counsel or the other issues addressed in Martin, supra. The record also contains no written waiver of Dobbins' right to counsel.[1] In short, the trial court failed to make an adequate determination that Dobbins sufficiently understood the possible consequences of declining counsel. We conclude that the trial court erred by failing to substantially comply with the requirements of Crim.R. 44. Dobbins' first assignment of error is sustained.
 {¶ 53} In his second assignment of error, Dobbins claims the trial court erred in accepting a no-contest plea that was not entered knowingly, intelligently, and voluntarily. In support, he notes that before accepting his no-contest plea, the trial court failed to advise him of his right to confront witnesses against him.
 {¶ 54} Upon review, we find the foregoing argument to be without merit. Although the trial court did not inform Dobbins of his right to confront adverse witnesses, it had no obligation to do so. The trial court's obligations in the present case were governed by Traf.R. 10(C), which provides:
 {¶ 55} "In misdemeanor cases involving serious offenses, the court may refuse to accept a plea of guilty or no contest and shall not accept such plea without first *Page 10 
addressing the defendant personally and informing him of the effect of the pleas of guilty, no contest, and not guilty and determining that he is making the plea voluntarily. *
 {¶ 56} The foregoing language mirrors Crim.R. 11(D), which sets forth a trial court's obligations when taking pleas in non-traffic misdemeanor cases involving serious offenses. In State v. Sexton, Greene App. No. 04CA14, 2005-Ohio-449, ¶ 17, we observed that "unlike Crim.R. 11(C), which applies to felonies, Crim.R. 11(D), which applies to misdemeanor cases involving serious offenses, does not require the court to inform the defendant of the rights he or she waives by entering a plea of guilty or no contest. While doing so is good practice in accepting pleas to misdemeanor offenses, the rule imposes no duty on the court to do that." Because the language of Traf.R. 10(C) and Crim.R. 11(D) is the same, we likewise conclude that the trial court was not required to inform Dobbins of the specific rights he was waiving by entering a no-contest plea. See also State v. Watkins, 99 Ohio St.3d 12,2003-Ohio-2419 ("In felony cases, the Ohio and United States Constitutions require that a defendant entering a guilty plea be `informed in a reasonable manner at the time of entering his guilty plea of his rights to a trial by jury and to confront his accusers, and his privilege against self-incrimination, and his right of compulsory process for obtaining witnesses on his behalf. ` * * * Crim.R. 11(C) sets forth how a judge should explain those rights to a defendant. However, there are no such constitutionally mandated informational requirements for defendants charged with misdemeanors. The protections that the Criminal Rules provide to felony defendants should not be read into the Ohio Traffic Rules, which deal only with misdemeanor offenses."). Given that Traf.R. 10(C) did not obligate the trial court to inform Dobbins of *Page 11 
his right to confront adverse witnesses, we overrule his second assignment of error.
 {¶ 57} In his third assignment of error, Dobbins contends the trial court erred in finding him guilty and sentencing him without an explanation of circumstances to support the charges.
 {¶ 58} Dobbins' argument implicates R.C. § 2937.07, which provides that "[a] plea to a misdemeanor offense of `no contest' or words of similar import shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of circumstances of the offense." We have recognized that a trial court errs in entering a conviction following a no-contest plea where an explanation of circumstances is either deficient or entirely missing from the record. See, e.g., State v. Osterfeld, Montgomery App. No. 20677, 2005-Ohio-3180, ¶ 7.
 {¶ 59} We have no occasion to address Dobbins' argument, however, in light of our determination, supra, that the trial court erred in accepting his no-contest plea without obtaining a valid waiver of his right to counsel. That error alone entitles him to a reversal of his conviction, the vacation of his plea, and a remand to the trial court.State v. Rowles (Nov. 24, 1999), Greene App. No. 99-CA-16. In reaching this conclusion, we find our opinion in Rowles to be instructive.
 {¶ 60} The defendant in Rowles entered a no-contest plea to a charge of driving under suspension. On appeal, he argued that the trial court erred by accepting his plea without informing him of the consequences and finding him guilty without a proper explanation of circumstances. Upon review, we held that the trial court erred when it accepted the no-contest plea without explaining the effect of the plea. In light of that determination, we declined to decide whether error occurred after the acceptance of the *Page 12 
defendant's plea when the trial court found him guilty. We reasoned that the proper course of action was to remand the "cause for further proceedings from the point where prejudicial error occurred." Id. We reach the same conclusion here. Accordingly, we overrule Dobbins' third assignment of error, as moot.
 {¶ 61} Having sustained Dobbins' first assignment of error, however, we reverse the judgment of the Miami County Municipal Court and remand the cause for further proceedings consistent with this opinion.
WOLFF, P.J., and DONOVAN, J., concur.
Copies mailed to:
Jeffrey D. Slyman
Adelina E. Hamilton
Hon. Elizabeth Simms Gutmann
[1] In Martin, the Ohio Supreme Court concluded that substantial compliance with Crim.R. 44 could be shown despite the lack of a written waiver of the right to counsel. Martin, 103 Ohio St.3d at 392. Nevertheless, the rule does provide for a written waiver in serious-offense cases, and the absence of a written waiver certainly remains a relevant consideration in a substantial-compliance analysis. *Page 1