The STATE of Ohio, Appellee,

v.

WEBB, Appellant.

[Cite as *State v. Webb,* 177 Ohio App.3d 289, 2008-Ohio-3719.]

Court of Appeals of Ohio,
Second District, Darke County.

· No. 07–CA–1712.

Decided July 25, 2008.

Richard M. Howell, Darke County Prosecuting Attorney, and R. Kelly Ormsby III, Assistant Prosecuting Attorney, for appellee.

Randall L. Webb, pro se.

VALEN, Judge.

{¶ 1} Defendant-appellant, Randall Webb, appeals from a two-year sentence imposed following a sentencing remand under *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. The trial court imposed the same sentence that

had previously been imposed in July 2005, after Webb entered a guilty plea to one count of theft by deception.

{¶ 2} In July 2006, we affirmed the trial court's denial of Webb's request to withdraw his guilty plea. See *State v. Webb*, Darke App. No. 1667, 2006-Ohio-3512, 2006 WL 1868317. Subsequently, in December 2006, we granted in part Webb's request to re-open his appeal. We concluded that resentencing was required under *Foster* because Webb's appeal was pending on direct review when *Foster* was decided. Accordingly, we remanded the case for that limited purpose.

{¶ 3} Consistent with our order, the trial court scheduled a sentencing hearing for January 31, 2007. Webb filed a motion for a continuance in order to obtain information he had requested from the Ohio Supreme Court regarding proportionality and consistency in sentencing. The trial court rejected Webb's request and the resentencing hearing went forward as scheduled. Webb was not represented by counsel at the hearing, nor did the trial court obtain a written waiver of the right to counsel.

{¶ 4} As we indicated, the trial court reimposed the same sentence that had been previously imposed, noting that the two-year sentence would terminate on July 13, 2007.[1] The trial court then filed a judgment entry on February 1, 2007, reflecting the findings made at the hearing.

{¶ 5} Webb appealed and raises five assignments of error raising issues regarding separation of powers, the rule of lenity, consistency and proportionality in sentencing, failure to appoint counsel for the sentencing hearing, and rejection of his request to withdraw his guilty plea. We conclude that the trial court erred in failing to demonstrate substantial compliance with requirements for waiver of counsel under Crim.R. 44. Accordingly, the sentence will be vacated and this matter will be remanded for another sentencing hearing. Because this error disposes of the appeal, the remaining assignments of error are overruled as moot.

I

{¶ 6} As we mentioned, we remanded this case in December 2006, for the limited purpose of resentencing. Webb's second assignment of error is as follows:

---

1. Although Webb has apparently already completed his sentence for this crime, we conclude that the appeal is not moot, since the sentencing entry subjects Webb to postrelease control. See, e.g., *State v. Golston* (1994), 71 Ohio St.3d 224, 227, 643 N.E.2d 109 (appeal challenging felony conviction is not moot when sentence has been served before case is heard on appeal), and *State v. Ambriez*, Lucas App. No. L–04–1382, 2005-Ohio-5877, 2005 WL 2932905, at ¶ 9 (distinguishing *Golston* because the defendant in *Ambriez* had served his felony sentence, was appealing only the length of the sentence, and was not subject to postrelease control).

{¶ 7} "Trial court erred by not providing for the assistance of trial counsel, when the defendant-appellant's original sentence was reversed by this court for resentencing, creating prejudice and in violation of the Sixth Amendment of the United States and due process."

{¶ 8} Under this assignment of error, Webb contends that the trial court erred in failing to provide counsel for the resentencing hearing. The state responds by noting that the trial court's hearing notice indicated that if Webb desired counsel to be appointed, he was to notify the court in writing before January 17, 2007. On January 26, 2007, Webb filed a written motion for a continuance of the hearing, but he did not ask for counsel. The state also stresses that Webb's notice of appeal, filed on March 5, 2007, states that Webb wished to proceed pro se. Therefore, the state suggests that Webb is being disingenuous and invited the trial court's alleged error.

{¶ 9} Crim.R. 44(A) provides that counsel shall be assigned to represent a defendant charged with serious offenses "at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel." Crim.R. 44(C) further states that "[w]aiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing."

{¶ 10} In *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, the Ohio Supreme Court held that "[w]hile literal compliance with Crim.R. 44(C) is the preferred practice, the written waiver provision of Crim.R. 44 is not a constitutional requirement." Id. at ¶ 38. The Ohio Supreme Court thus held that trial courts must demonstrate only substantial compliance with the rule. Id.

{¶ 11} Subsequently, in *State v. Cline*, 164 Ohio App.3d 228, 2005-Ohio-5779, 841 N.E.2d 846, ¶ 77, we stressed:

{¶ 12} "[E]ven though the trial court may substitute substantial compliance with Crim.R. 44(A) for literal compliance, it is still the obligation of the trial court, personally, to determine whether a criminal defendant is electing to represent himself, and waive his right to counsel, with a sufficiently broad understanding of the possible consequences to render his decision a knowing, intelligent relinquishment of the right."

{¶ 13} In the present case, the trial court failed to conduct any inquiry into whether Webb wished to waive his right to counsel or whether Webb made a knowing, intelligent, and voluntary waiver of the right. In fact, the only comment in the hearing record as to Webb's understanding of the proceeding occurred during the following colloquy:

{¶ 14} "THE COURT: * * * And because of the decision of *State v. Foster* from January of last year, the matter was reversed and sent back for resentencing.

{¶ 15} "I think, Mr. Webb, you received a copy of the decision that I just talked about. Thank you very much. Mr. Ormsby is here on behalf of the State, and basically, we're here for resentencing. Do you have any questions so far? Does all this make sense to you?

{¶ 16} "THE DEFENDANT: (Shaking head negatively.)

{¶ 17} "THE COURT: Okay. Indicating no."

{¶ 18} After making these remarks, the trial court went on to discuss and reject Webb's motion for a continuance. However, the court made no inquiry or comment about waiver of counsel. In fact, the record is completely silent with respect to this issue.

{¶ 19} Under the circumstances, we are required to sustain Webb's assignment of error and remand this cause for another sentence hearing. Compare *State v. Dobbins,* Miami App. No. 2006–CA–18, 2007-Ohio-1665, 2007 WL 1053940, at ¶ 52 (reversing judgment and remanding case where trial court record contained no discussion about the ramifications of waiving the right to counsel or other issues addressed in *Martin,* 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227).

{¶ 20} We agree with the state that Webb is a more sophisticated defendant than some. Nonetheless, the trial court was required to demonstrate substantial compliance with Crim.R. 44. Furthermore, Webb's action in waiving counsel for purposes of appeal cannot retroactively validate the trial court's failure to conduct the proper inquiry.

{¶ 21} Based on the preceding discussion, the second assignment of error is sustained. Webb's sentence is vacated and the matter is remanded for another sentencing hearing.

## II

{¶ 22} The remaining assignments of error will be addressed together. Webb's first assignment of error is as follows:

{¶ 23} "Trial court erred when it sentenced the defendant-appellant to a more than the minimum and maximum prison term based on the Ohio Supreme Court's severance of the offending provisions under Foster, which was an act in violation of the principle of separation of powers."

{¶ 24} Webb's third assignment of error states:

{¶ 25} "Appellant's sentence is contrary to law because the trial court failed to conduct a consistency analysis before imposing a minimum-maximum sentence.

The trial court thereby violated Mr. Webb's rights under R.C. Section 2929.11(B) and under the Due Process and Equal Protection Clauses of the Ohio and United States Constitutions."

{¶ 26} Webb's fourth assignment of error is as follows:

{¶ 27} "The trial court erred when it sentenced the defendant-appellant to the more-than-the-minimum and maximum prison term contrary to the rule of lenity and contrary to the intent of the Ohio legislators."

{¶ 28} And finally, Webb's fifth assignment of error states:

{¶ 29} "The trial court erred when it refused to allow defendant-appellant to withdraw his *Alford* plea prior to sentencing and denying the defendant's right of due process."

{¶ 30} Since the sentence is vacated and the cause is remanded for a new sentencing hearing, these assignments of error are overruled as moot.

## III

{¶ 31} Webb's second assignment of error having been sustained and his first, third, fourth, and fifth assignments of error having been overruled as moot, the sentence is vacated and this cause is remanded to the trial court for resentencing.

*Sentence vacated*
*and cause remanded.*

BROGAN and DONOVAN, JJ., concur.

ANTHONY VALEN, J., retired, of the Twelfth Appellate District, sitting by assignment.