[Cite as *State v. Clemons*, 2012-Ohio-2127.]


# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY


STATE OF OHIO,

     PLAINTIFF-APPELLEE,             CASE NO.  4-11-23

     v.

ROMELL CLEMONS,             O P I N I O N

     DEFENDANT-APPELLANT.


**Appeal from Defiance County Common Pleas Court**
**Trial Court No. 04CR08879**

**Judgment Reversed and Cause Remanded**

**Date of Decision:  May 14, 2012**


APPEARANCES:

    *Stephen P. Hardwick*  for Appellant

    *Morris J. Murphy and Russell R. Herman*  for Appellee

Case No. 4-11-23

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Romell Clemons ("Clemons") brings this appeal from the judgment of the Court of Common Pleas of Defiance County finding him to be a sexual predator. For the reasons set forth below, the judgment is reversed.

{¶2} On September 3, 2004, Clemons entered no contest pleas to four counts of unlawful sexual conduct with a minor between the ages of 13 and fifteen, two counts of sexual battery, and one count of having a weapon under disability. The trial court sentenced Clemons to a cumulative term of nine years in prison on September 14, 2004. On August 30, 2011, a hearing was held on Clemons' motion for judicial release and a notification of post release control. At that time, the trial court also held a sex offender classification hearing. Clemons was not represented by counsel at the combined hearing. At the conclusion of the hearing, the trial court advised Clemons that he was subject to a mandatory period of five years post release control, found him to be a sexual predator and granted his motion for judicial release. Clemons appeals from the trial court's determination that he is a sexual predator and raises the following assignments of error.

**First Assignment of Error**

**The trial court erred by holding a resentencing hearing and a sexual predator hearing without either appointing counsel or obtaining a knowing, intelligent, and voluntary waiver of counsel.**

-2-

**Second Assignment of Error**

**The trial court erred by making a sexual predator determination without providing advance notice to [Clemons].**

**Third Assignment of Error**

**The trial court erred by classifying [Clemons] as a sexual predator without any statutory authority.**

{¶3} In the first assignment of error, Clemons alleges that the trial court erred by holding a resentencing hearing and a sexual offender classification hearing without counsel or a valid waiver of counsel. Post-release control is a part of the offender's sentence. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238.

> **Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel.**

Crim.R. 44(A). The sentence is a part of the proceedings to which counsel is required to be assigned by the rule. When a trial court fails to comply with the requirements of the rule and assign counsel for a resentencing hearing without obtaining a valid waiver of counsel, the trial court has erred. *State v. Webb*, 177 Ohio App.3d 289, 2008-Ohio-3719 (2d Dist.).

> **Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.**

Crim.R**. 44(C).**

> **"[T]o establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." Gibson at paragraph two of the syllabus. In order for the defendant to " 'competently and intelligently * * * choose self-representation, he should be made aware of the dangers and disadvantages of self-representation so that the record will establish that "he knows what he is doing and his choice is made with eyes open." ' " Petaway at ¶ 9, quoting \*\*331 Faretta at 835, 95 S.Ct. 2525, 45 L.Ed.2d 562, quoting Adams v. United States ex rel. McCann (1942), 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268.**

*State v. Thompson*, 180 Ohio App.3d 714, 2009-Ohio-185, ¶ 7 (3d Dist.).

**{¶4}** A review of the record indicates that the trial court recognized that Clemons lacked counsel at the beginning of the hearing.  Aug. 30, 2011 Hearing, Tr. 2.  The trial court then immediately advised Clemons of his post-release control conditions.  Tr. 2-3.  At no time prior to this did the trial court ask Clemons if he would like an attorney.  The only time the trial court addressed the lack of counsel was before beginning the sexual offender classification hearing.

> **The Court:  Since your crime was so long ago, you're under that old, old classification scheme and – I realize you filed your motion for judicial release without benefit of counsel.  You would have the right to a lawyer in connection with that classification determination.**
>
> **The Defendant:  Okay.**
>
> **The Court:  Do you want a lawyer in connection with that?**
>
> **The Defendant:  No.**

Tr. 17-18. The trial court then proceeded to make the classification. No additional discussion concerning the waiver occurred. No written waiver of counsel, as required by Criminal Rule 44(C), appears in the record. The above discussion is not a valid waiver of counsel. Without a valid waiver of counsel, the trial court erred in holding this hearing when Clemons lacked counsel. The first assignment of error is sustained.

{¶5} Having found that the trial court erred in not obtaining a valid waiver of counsel before holding the hearing, the remaining assignments of error are rendered moot as a new hearing will be held. For this reason, we need not address them.

{¶6} Having found error prejudicial to Clemons, the judgment of the Court of Common Pleas of Defiance County is reversed and the matter is remanded for further proceedings.

*Judgment Reversed and*
*Cause Remanded*

**SHAW, P.J. and ROGERS, J., concur.**

**/jlr**