**WYATT, Plaintiff-Petitioner, v. ALVIS et, Defendants-Respondents.**

Ohio Appeals, Second District, Franklin County.

No. 5348. Decided October 11, 1955.

22

Orie George Wyatt, Columbus, in his own behalf.

Hon. C. William O'Neill, Atty Genl., Roger B. Turrell, Asst. Atty. Genl., Columbus, for defendants-respondents.

## OPINION

By HORNBECK, J.

This is an action wherein plaintiff seeks to be released from the Ohio Penitentiary where he is serving sentences upon a conviction on two counts of an indictment, the first of which was a charge of burglary with intent to steal something of value, the second of which was a charge of grand larceny. The sentences were from one to fifteen years under the conviction of the first count and one to seven years under the second count of the indictment.

Plaintiff contends that the trial judge had no jurisdiction to sentence him on separate counts and that he should either be released or that an order be made which would restrict his sentence to the conviction on one of the counts. The basis of plaintiff's contention is that the acts set out in the two counts of the indictment are but one transaction which may not be the subject of separate counts.

The rights of plaintiff are defined and controlled by statute. **Sec. 2941.04 R. C.** (§13437-3 GC) provides, among other things, that an

"indictment * * * may charge two or more different offenses connected together in their commission, or different statements of the same offense, or two or more different offenses of the same class of crimes or offenses, under separate counts," * * *.

"The prosecution is not required to elect between the different offenses or counts set forth in the indictment or information, but the defendant may be convicted of any number of the offenses charged, and each offense upon which the defendant is convicted must be stated in the verdict."

**Sec. 2907.10 R. C.** (§12438 GC) defines burglary and the first count in substantially the language of the statute charges the breaking and entering in the night season of a building with intent to steal property of value. The defendant was found guilty under this count of the indictment.

The second count was a charge of grand larceny under §2907.20 **R. C.** (§12447 GC). The indictment was substantially in the language of the statute and charged that the value of the property stolen was $180.00. Defendant was convicted under this count.

These offenses are, as we have just indicated, separately defined and are distinct and different offenses. The acts which constituted a violation of the counts of the indictment were not the same transaction. Had the plaintiff done nothing more but break into a building in the night season with intent to steal property of any value, he could have been found guilty of burglary and convicted. It was the next step and different transaction which constituted the grand larceny, namely, the actual stealing of property of the value as charged in the indictment.

The defendant having been specifically convicted of both offenses was properly sentenced under the law applicable thereto.

The plaintiff is not illegally restrained of his liberty. The writ will be denied.

MILLER, PJ, concurs.
WISEMAN, J, not participating.