**Frank MATEY, Appellant,**

v.

**Beryle C. SACKS, Warden, Ohio State Penitentiary, Appellee.**

United States Court of Appeals
Sixth Circuit.

Dec. 13, 1960.

holding to this bedstead, and broke the left hip in the place of the right."

Frank Matey, in pro. per.
No attorneys for appellee.

Before CECIL, WEICK and O'SULLI-VAN, Circuit Judges.

CECIL, Circuit Judge.

Frank Matey, acting pro se and designated herein as appellant, brings this matter before the Court on a motion for leave to appeal in forma pauperis from an order of the District Court for the Southern District of Ohio, Eastern Division. The order of the District Court, of which he complains, denied him leave to file a petition for writ of habeas corpus in forma pauperis. He has also filed a paper entitled "Appeal from the United States District Court for the Southern District of Ohio, Eastern Division." In this paper the appellant gives some of the history of his litigation in the District Court, his alleged claims of violation of his constitutional rights and his argument in support of his claims.

The appellant is an inmate of the Ohio State Penitentiary serving concurrent sentences from the Common Pleas Courts of Summit and Stark counties in Ohio. In November, 1959, Frank Matey was given leave to file a petition for writ of habeas corpus in forma pauperis. The petition was denied by order of the Court on November 25, 1959. Thereafter, on January 20, 1960, the District Judge denied him the right to appeal in forma

pauperis and declined to issue a certificate of probable cause for the reason that an appeal would be frivolous and without merit. The appellant then sought to file an original action for habeas corpus in the Court of Appeals. The petition in this action was denied for the reason that this Court was without jurisdiction to hear such an action. A petition in mandamus was then filed before us seeking an order to require the District Judge to grant his petition for a writ of habeas corpus, which had been denied on November 25, 1959. We refused to issue an order to show cause in the mandamus action, Matey v. Underwood, 6 Cir., 276 F.2d 52 on the ground that such an action could not serve as a substitute for an appeal. The Supreme Court denied certiorari. Matey v. Alvis, 81 S.Ct. 76.

Following the action of the Supreme Court, Matey sought to file, in forma pauperis, a second action in habeas corpus in the District Court. The District Judge denied him leave to file as a pauper and it is from this order that he now seeks an appeal.

From the record before us, no Notice of Appeal was filed or tendered in the District Court, nor is anything filed in that court which could be considered by us as a Notice of Appeal. This Court acquires no jurisdiction of an appeal unless such notice is so filed. Sec. 2107, Title 28 U.S.C.; Rule 73(a), F.R.Civ.P., 28 U.S.C. Further, we are of the opinion that the alleged claims of the appellant, which we will now examine, do not constitute a violation of his Federal constitutional rights.

The appellant's conviction in Summit County arose out of two counts in one indictment. The first count charged that on April 20, 1958, he forcibly broke and entered in the day season the uninhabited building of the W. E. Wright Company with intent to steal. The second count charged that on the same day he stole from the W. E. Wright Company the sum of $149.79. The appellant claims that the offenses charged in these counts grew out of one transaction and that there should be only one offense. They presumably did occur as claimed, since both counts describe the same prosecuting witness and give the same date and same address.

The offense charged in the first count is defined by Section 2907.15 of the Ohio Revised Code and carries a penalty of one to five years. The second count is defined by Section 2907.20 and carries a penalty of one to seven years. There is no statute in Ohio which defines the combination of breaking and entering and larceny as an offense.

Each count describes a separate offense under an applicable statute. An accused may be indicted in separate counts in the same indictment for an offense under each statute, even though they arose out of the same or connected transactions. Prosecution under such an indictment involves no denial of the accused's constitutional rights. Section 2941.04, Ohio Revised Code; Wyatt v. Alvis, Ohio.App., 136 N.E.2d 726. All sentences under Ohio law must be indeterminate. Legal sentences were administered under each count, one to five and one to seven years, respectively. The sentencing judge ordered them to run consecutively, which is legal and discretionary with the judge.

Another claim is that the appellant's rights were violated because he was taken from the penitentiary, where he was serving time under the above indictment, to answer to an indictment in the Stark County Common Pleas Court. He was in no wise prejudiced by this action. Under the VI Amendment to the United States Constitution, he is entitled to a speedy trial. Had the court waited until he was released from the penitentiary he might well have been entitled to a dismissal because he was denied a speedy trial.

Matey also makes the same claim on the Stark County indictment as he makes on the Summit County one, that is, that the three counts in the one indictment grew out of the same offense.

In the first count of this indictment he is charged with forcibly breaking and entering, in the night season, a

**338**

building of Canton Tire Service, Inc., with intent to steal. In the second count he is charged with stealing from Canton Tire Service, Inc. tires of a value of more than sixty dollars. Both charges are alleged to have happened on August 26, 1958, and it may be assumed that they happened simultaneously.

The first count is framed under Section 2907.10 of the Ohio Revised Code which defines breaking and entering of a building in the night season with intent to steal and fixes the penalty at one to fifteen years imprisonment. The second count charges grand larceny under the same statute that the second count of the Summit County indictment is made. Like that indictment there is no statute in Ohio which defines a combination of these two offenses.

In the third count the appellant is charged with driving a motor vehicle owned by Canton Tire Service, Inc. without its consent. This offense is defined by Section 4549.04 of the Ohio Revised Code and carries a penalty of one to twenty years imprisonment.

As we said of the Summit County indictment, each count charges a separate offense and if the appellant committed the offenses, even though they were all connected as a part of one transaction, he can be charged and convicted on each one. Such convictions are not a violation of his constitutional rights. Section 2941.04, Ohio Revised Code; Wyatt v. Alvis, Ohio App., 136 N.E.2d 726.

■ The sentencing judge gave indeterminate sentences within the prescribed legal limits in each case and ordered them to run concurrently. He further ordered them, by a nunc pro tunc order, to run concurrently with the sentences from Summit County. Since he has not yet served the minimum time under the Summit County sentence, he is not now in a position to raise the question that this order has been ignored.

■ These claims thus far discussed were made by Matey in his first petition for a writ which was heard and denied by the District Judge. In the petition, which the court denied him the right to file in forma pauperis, he makes the additional claim that he did not waive the right to trial by jury.

Section 2945.05 Ohio Revised Code provides that in all criminal cases a defendant may waive trial by jury and prescribes the procedure by which it may be done. This has no application to the appellant's case. The record shows that he pleaded guilty to all of the counts in both indictments.

A plea of guilty is in itself a waiver of a trial by jury. The court said in State ex rel. Scott v. Alvis, 156 Ohio St. 387, at page 391, 102 N.E.2d 845, at page 847 quoting from 24 C.J.S. Criminal Law § 1563, p. 23: "In the absence of a statute to the contrary, where accused enters a plea of guilty or of *nolo contendere* the court has the power and duty to pronounce judgment or sentence as though a verdict of guilty had been found against him, and with the same effect. A judgment so rendered is not violative of accused's constitutional right of trial by jury." See also State ex rel. Evans v. Eckle, 163 Ohio St. 122, 123, 126 N.E.2d 48.

■ The motion of the appellant for leave to appeal in forma pauperis is denied for the reason that no notice of appeal is filed in the District Court and as a matter of law his alleged claims do not constitute a violation of his Federal constitutional rights.