JOURNAL ENTRY AND OPINION
Defendant-appellant, Franklin Smith, Jr., appeals the decision of the Cuyahoga County Common Pleas Court convicting him of one count of involuntary manslaughter and two counts of aggravated robbery after pleading guilty to these charges. For the reasons that follow, we affirm.
A review of the record reveals that a multi-count indictment[1] was returned against appellant charging him with one count of murder, four counts of attempted murder, one count of felonious assault and three counts of aggravated robbery. The events giving rise to the indictments occurred over a seven-day period from October 19-26, 1999 and involved the robberies of Heights Deli and Treehouse Bar, the latter which resulted in the death of one Tekili Williams. Each count carried one or more firearm specifications.
On April 4, 2000, in case number 383227, appellant agreed to plead guilty to an amended indictment charging him with involuntary manslaughter and aggravated robbery, each with firearm specifications. In case number 383550, appellant agreed to plead guilty to one count of aggravated robbery without the firearm specification. The remaining counts in both cases were nolled. Sentencing was set for April 6, 2000.
Prior to sentencing, however, appellant filed a motion to withdraw his guilty plea, which the court granted. Nonetheless, appellant thereafter agreed to plead guilty as stated above except with the firearm specification included in the second aggravated robbery charge contained in case number 383550.[2] Appellant was then sentenced accordingly.
Appellant is now before this court and assigns three errors for our review.
 I.
In his first assignment of error, appellant contends that the trial court erred in taking his guilty plea without first obtaining a written jury waiver as required by R.C. 2945.05.
R.C. 2945.05 governs the manner in which a criminal defendant can waive a jury trial and provides, in relevant part:
 In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. * * *
 Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.
This statutory provision, however, has no application where a criminal defendant has entered a plea of guilty. Martin v. Maxwell (1963),175 Ohio St. 147; State v. Sherrills (Aug. 13, 2001), Cuyahoga App. No. 77178, unreported, 2001 Ohio App. Lexis 3634. This is so because the guilty plea itself waives a trial, thereby obviating a written waiver as contemplated by R.C. 2945.05. See Matey v. Sacks (C.A.6, 1960),284 F.2d 335, 338.
Appellant's first assignment of error is not well taken and is overruled.
 II.
In his second assignment of error, appellant contends that the trial court did not comply with Crim.R. 11 when it accepted his guilty plea. In particular, he appears to argue that the court did not fully explain the effect his guilty plea would have on his ability to challenge on appeal his confession made at the April 4, 2000 hearing.[3]
Appellant apparently references a written statement taken by Detective Tony Sergeant of the Cleveland Heights Police Department. The written statement itself is not part of the record and is only referenced in the verbatim reading in open court that took place at both the April 4th and the April 6th hearings. The statement serves as the basis for the negotiated plea entered into between appellant and the state in exchange for appellant's future favorable testimony against a co-defendant.
Appellant appears to claim that the denial of his motion seeking to suppress these open court statements made on April 4th precluded him from appealing any error in that ruling when the court accepted his guilty plea. Without the knowledge that he was foreclosed from appealing this ruling, he claims that his plea was not knowingly, voluntarily and intelligently entered as required by Crim.R. 11.
A review of the record, however, does not reveal that a motion to suppress these statements was ever filed let alone ruled upon. It is true that appellant filed a Motion to Suppress Statements on February 14, 2000.[4] The motion itself does not reference which particular statements appellant wants suppressed but speaks in generalities as to any and all statements made by him that the state may introduce at trial. In his motion he claims that he did not have counsel and did not knowingly waive his rights to counsel when any such statements were made. At the time the motion to suppress was filed, the only statement in the record attributable to appellant was the state's reference to an oral statement appellant made to police detective, Jack Bornfeld, wherein appellant denied any involvement with the robberies at issue.
Nonetheless, even if we were to construe this suppression motion to cover the confession that appellant references was entered into the record at the April 4th hearing, we are not convinced that his plea was not knowingly and intelligently entered because the court did not apprise him that he would be precluded from raising any denial of this motion as error on appeal.
Appellant relies on State v. Engle (1996), 74 Ohio St.3d 525 for the proposition that the trial court's failure to apprise him of his appellate rights before accepting his plea renders the plea invalid. Appellant mischaracterizes Engle, however. The Ohio Supreme Court in that case found that the defendant was misled into believing that she could appeal an adverse ruling on a motion in limine upon entering a no contest plea based on the prosecution's comments prior to accepting the defendant's plea. The Engle court found that these specific references to the right to appeal that went uncorrected by the court did indeed preserve the error for appeal where ordinarily none would exist. Id. at 527-528.
This is not the case here. Appellant cites to us no authority, nor could we independently locate any such authority that requires a trial court to apprise a criminal defendant of the effect that a guilty plea would have on the ability to challenge on appeal the denial of a motion to suppress.
Appellant's second assignment of error is not well taken and is overruled.
 III.
In his third assignment of error, appellant contends that his guilty plea is invalid because he was denied the effective assistance of counsel. Succinctly, appellant claims his counsel was ineffective for (1) failing to object to the state's submission of appellant's confession; and (2) failing to request a continuance after being retained only a day before the April 6, 2000 hearing.
In order to establish a claim of ineffective assistance of counsel, a criminal defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668; State v. Bradley (1989),42 Ohio St.3d 136, cert. denied (1990), 497 U.S. 1011. Prejudice is demonstrated when the defendant proves that, but for counsel's actions, there is a reasonable probability that the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. at 694.
When challenging the effectiveness of counsel as it pertains to a criminal defendant's decision to plead guilty to an offense, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable representation; namely, whether there is a reasonable probability that, but for counsel's errors, the defendant would not have entered the plea but would instead have insisted on going to trial. Hill v. Lockhart (1985), 474 U.S. 52, 59; State v. Xie (1992),62 Ohio St.3d 521, 524. There is a strong presumption that a licensed attorney is competent and that the challenged action reflects sound trial strategy within the range of reasonable professional assistance. State v. Bradley, 42 Ohio St.3d at 142.
 A.
Appellant claims his counsel was ineffective for failing to object to the admission of a confession read into the record during the second plea hearing that occurred on April 6, 2000. He claims that subsequent counsel, attorney Reginald Maxton, should have objected to and/or sought suppression of this confession because it was the result of coercion on the part of his former attorney, Thomas Shaughnessy, and a detective involved in this case.[5]
As stated previously, the confession to which appellant refers is part of a negotiated plea agreement entered into between the state and appellant in exchange for appellant's future favorable testimony against a co-defendant. If appellant was dissatisfied with his plea, his recourse would have been to move for withdrawal under Crim.R. 32.1 as he had done successfully before. Appellant's counsel cannot now be said to be ineffective for failing to object to something from which there is no basis in law or fact to do so.
The same is true for appellant's contention that his counsel should have moved to suppress this confession. Ordinarily, trial counsel's failure to file a motion to suppress does not per se constitute ineffective assistance of counsel. Kimmelman v. Morrison (1986),477 U.S. 365, 384; State v. Nields (2001), 93 Ohio St.3d 6, 66-67. A criminal defendant asserting a claim of ineffective assistance on this basis must show that the failure to file the motion to suppress caused him or her prejudice. State v. Robinson (1996), 108 Ohio App.3d 428,433.
The appropriate course of action in this case would have been to move to withdraw his plea rather than to seek to suppress statements that are required to be put on the record whenever there is a negotiated plea agreement. Consequently, counsel cannot be said to be ineffective for failing to follow an incorrect course of action.
Appellant also appears to argue that Attorney Maxton failed to advise him that he would be unable to appeal the denial of this unfiled motion to suppress. It is true that when a criminal defendant enters a guilty plea as a part of a plea bargain that defendant waives all appealable errors that may have occurred at trial, unless these errors are shown to have precluded the defendant from entering a knowing and voluntary plea. State v. Kelley (1991), 57 Ohio St.3d 127, paragraph two of the syllabus. A failure by counsel to provide advice, which impairs the knowing and voluntary nature of the plea, may form the basis of a claim of ineffective assistance of counsel. United States v. Broce (1989),488 U.S. 563, 574.
In this case, no motion to suppress was filed on this issue nor would it had been likely that such a motion would have been successful had one been filed. See State v. Beasley (Nov. 8, 2001), Cuyahoga App. No. 79126, unreported, 2001 Ohio App. Lexis 4997. Consequently, appellant's argument as to this issue is not well taken.
 B.
Appellant claims that his counsel was also ineffective for failing to request a continuance of the April 6th hearing. In particular, appellant claims that Attorney Maxton was only retained on April 5, 2000 and that he should have requested more time to investigate appellant's case.
We cannot find that appellant was prejudiced by his attorney's failure to request additional time to investigate appellant's case. Appellant has not demonstrated that the outcome of the proceedings against him would have been different. In a conclusory fashion, he merely claims that Attorney Maxton needed more time to investigate his case to determine if he was guilty or not. The record before us, however, does not support that Attorney Maxton was unprepared to proceed on April 6th nor does appellant direct us to any evidence of unpreparedness. We decline to adopt a presumption of unpreparedness merely because counsel was retained so closely to the scheduled proceeding. It cannot be said under the facts of this case that appellant's counsel was ineffective for failing to request a continuance.
Appellant's third assignment of error is not well taken and is overruled.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J. and TERRENCE O'DONNELL, J., CONCUR.
[1] The indictments were contained in two different cases against appellant. Case number 383227 contained a seven-count indictment and pertained to the events occurring at Treehouse Bar. Case number 383550, on the other hand, contained a two-count indictment and pertained to the events occurring at Heights Deli. While the state moved for joinder of these two cases as provided by Crim.R. 13, the record does not reveal that the court ruled on the motion before accepting appellant's pleas.
[2] When reviewing the record, it appears at first glance that the decision to grant appellant's motion to withdraw his guilty plea is made after entering his second plea because the trial court did not journalize the granting of this motion on April 14, 2000. Reading the court's journal entries in tandem with the transcript portion of the record, it is apparent that, despite the trial court's granting of this motion, appellant thereafter agreed to plead guilty at the April 6, 2000 hearing.
[3] In his reply brief, appellant introduces a new argument for our review. He asserts that the trial court failed to inform him, before accepting his plea, that he would be subject to post-release control as part of his sentence. A reply brief, however, is not to be used by an appellant to raise new assignments of error or issues for consideration; it is merely an opportunity to reply to the appellee's brief. See App.R. 16(C); Sheppard v. Mack (1980), 68 Ohio App.2d 95, 97; In re Songer (Oct. 3, 2001), Lorain App. No. 01CA007841, unreported, 2001 Ohio App. Lexis 4462. We therefore decline to address this issue raised for the first time in the reply brief as it is not appropriately before the court.
[4] The court never ruled on this motion prior to accepting appellant's plea.
[5] It should be noted that appellant first retained attorney, Thomas Shaughnessy, Jr., who represented him at the April 4th hearing. Attorney Reginald Maxton, however, represented appellant at the April 6, 2000 hearing.