[Cite as *State v. Morgan*, 2014-Ohio-654.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 13 MA 80 |
| V. | ) | |
| | ) | OPINION |
| LEROY MORGAN, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Youngstown
                            Municipal Court of Mahoning County,
                            Ohio
                            Case No. 13CRB115

JUDGMENT:                   Reversed and Remanded
                            Appellant's Plea and Conviction Vacated

APPEARANCES:
For Plaintiff-Appellee      Kathleen Thompson
                            Assistant Prosecutor
                            26 S. Phelps Street, 4th Floor
                            Youngstown, Ohio 44503

For Defendant-Appellant     Attorney Thomas M. Lyden
                            860 Boardman-Canfield Road
                            Suite #204
                            Youngstown, Ohio 44512

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: February 21, 2014

DONOFRIO, J.

{¶1} Defendant-appellant, Leroy Morgan, appeals from a Youngstown Municipal Court judgment convicting him of violating a Youngstown City Ordinance that prohibits the unauthorized removal of scrap material, following his no contest plea.

{¶2} On January 16, 2013, appellant was charged with the unauthorized removal of scrap from a vacant house in violation of Youngstown City Ordinance 545.23, an unclassified misdemeanor.

{¶3} Appellant initially entered a not guilty plea. The court appointed him counsel.

{¶4} Appellant later changed his plea to no contest pursuant to a plea agreement and the matter was set for sentencing. The trial court sentenced appellant to 150 days in jail, a $500 fine, and 18 months of probation.

{¶5} Appellant filed a timely notice of appeal on May 16, 2013. The trial court stayed appellant's sentence pending this appeal.

{¶6} Appellant raises a single assignment of error that states:

THE TRIAL COURT ERRED IN ACCEPTING A NO CONTEST PLEA WITHOUT ADDRESSING DEFENDANT PERSONALLY TO DETERMINE THE VOLUNTARINESS OF THE PLEA AND WHETHER OR NOT DEFENDANT UNDERSTOOD THE NATURE OF THE CHARGE AND THE CONSEQUENCES OF THE PLEA.

{¶7} Appellant states that because he had a prior conviction, the charge he faced carried the potential sentence of up to one year in jail. He claims the trial court failed to properly inform him of the implications of his plea. In fact, he claims the court failed to address him at all before accepting his plea. Appellant further asserts nothing in the record demonstrates that he understood the implications of his plea. He argues that the plea form did not contain a description of the effect of his plea and only contained misleading information regarding his possible punishment. Appellant states that had he understood the implications of his no contest plea, he would not

have entered the plea.

{¶8} Depending on the offense, Crim.R. 11 governs what information the trial court must inform a criminal defendant of. Misdemeanor cases involving "serious offenses" are governed by Crim.R. 11(D). Misdemeanor cases involving "petty offenses" are governed by Crim.R. 11(E). A "serious offense" includes any misdemeanor for which the penalty includes confinement for more than six months. Crim.2(C). A "petty offense" is a misdemeanor other than serious offense. Crim.R. 2(D).

{¶9} Appellant pleaded no contest to unauthorized removal, an unclassified misdemeanor. The penalties as prescribed by Youngstown City Ordinance 545.23(e)(1) and (2) are:

> (1) Except as otherwise provided, unauthorized removal is a misdemeanor of the first degree. The court shall impose a mandatory fine of two hundred dollars ($200.00).
>
> (2) If the offender has previously been convicted of unauthorized removal or any theft or theft-related offense, unauthorized removal is an unspecified misdemeanor. The court may impose a term of incarceration of up to one year and may impose a fine of up to two thousand five hundred dollars ($2,500). The court shall impose a mandatory minimum fee of five hundred dollars ($500.00) and shall impose a mandatory minimum term of incarceration of ten consecutive days.

{¶10} Because appellant had a previous conviction for unauthorized removal, his charge was for an unclassified misdemeanor. The ordinance makes clear that if the offender has a previous conviction for unauthorized removal, the offense is an unclassified misdemeanor, as opposed to a first-degree misdemeanor.

{¶11} "An unclassified misdemeanor is an offense which is not specifically labeled and for which a penalty of incarceration not exceeding one year may be

imposed." *State v. Williams*, 7th Dist. No. 01 CA 221, 2002-Ohio-5022, ¶ 16, citing R.C. 2901.02(F). In contrast, the maximum jail sentence for a first-degree misdemeanor is 180 days. R.C. 2929.24(A)(1).

**{¶12}** In this case, because he was charged with an unclassified misdemeanor for which the possible jail time was up to one year, appellant was charged with a "serious offense." Because appellant was charged with a serious offense, Crim.R. 11(D) governed his case.

**{¶13}** Crim.R. 11(D) provides in pertinent part:

> In misdemeanor cases involving serious offenses the court may refuse to accept a plea of guilty or no contest, and *shall not accept such plea without first addressing the defendant personally* and *informing the defendant of the effect of the pleas of guilty, no contest, and not guilty* and determining that the defendant is making the plea voluntarily.

(Emphasis added.)

**{¶14}** While strict adherence to Crim.R. 11 is preferred, a trial court need only substantially comply with its requirements as long as the record reflects that under the totality of the circumstances, the defendant knowingly, intelligently, and voluntarily entered his plea by subjectively understanding the effect of the plea and his rights waived. *State v. Bailes*, 7th Dist. No. 01-CA-224, 2002-Ohio-5217, ¶10. A meaningful dialogue between the trial court and the defendant is required in misdemeanor cases where jail time is possible. *Id.* See also, *State v. Clark,* 11th Dist. No. 2011-Ohio-090, 2012-Ohio-3889, ¶16.

**{¶15}** The plea hearing was held before a magistrate who simply asked appellant's counsel for confirmation that appellant had some prior convictions and, therefore, the present offense was not being treated as a first offense of unauthorized removal. (Tr. 3). Counsel confirmed this for the magistrate. (Tr. 3). The magistrate then stated that the court accepted the change of plea and the matter would be set for sentencing. (Tr. 3). The magistrate never once addressed appellant.

**{¶16}** In this case there was no dialogue, let alone a meaningful dialogue, between the court and appellant before the court accepted his plea. The court never addressed appellant and appellant never spoke. The court never informed appellant of the effect of his plea. And the court never took the opportunity to determine whether appellant was entering his plea voluntarily. Thus, there is no indication that the court complied in any way with Crim.R. 11(D).

**{¶17}** Moreover, the plea agreement signed by appellant was misleading regarding the potential sentence appellant faced.

**{¶18}** The plea agreement provides that appellant is entering a no contest plea to one count of unauthorized removal pursuant to 545.23(a). Next to the offense, the plea form then lists "misdemeanor 1 2 3 4  Unclass MM." "Unclass" is circled on the form.

**{¶19}** The plea agreement next provides:

I further understand that said offenses are punishable pursuant to ORC 2929.24, 29292.28 as follows:

| Classification | Maximum Confinement | Maximum Fine |
| --- | --- | --- |
| Misdemeanor 1 (M1) | 180 days | $1000.00 |
| Misdemeanor 2 (M2) | 90 days | $750.00 |
| Misdemeanor 3 (M3) | 60 days | $500.00 |
| Misdemeanor 4 (M4) | 30 days | $250.00 |
| Minor Misdemeanor (MM) | None | $150.00 |
| Unclassified Misdemeanor (DUS) | 500 hours community service | $1000.00 |

**{¶20}** The plea form then states that appellant could be subject to additional sanctions deemed appropriate by the court.

**{¶21}** The plea form goes on to state that appellant's counsel has advised him and he fully understands the nature of the charge against him and he is satisfied with his counsel. The form also represents to the court that appellant is entering his plea

freely and voluntarily. The form is signed by appellant, his counsel, the prosecutor, and the magistrate.

**{¶22}** Assuming appellant read the plea form, which he indicated he did by signing it, he would be under the mistaken belief that he was subject to a maximum penalty of 500 hours of community service and a $1,000 fine. Instead, he was actually subject to up to one year in jail. This error might be harmless if the court had sentenced appellant to only community service or if the court had otherwise addressed appellant before accepting his plea and discussed this with him. However, the court never addressed appellant in accepting his plea. And the court later sentenced appellant to 150 days in jail.

**{¶23}** Based on the record before us, under the totality of the circumstances, there is no evidence that the trial court substantially complied with Crim.R. 11(D). Accordingly, appellant's sole assignment of error has merit.

**{¶24}** For the reasons stated above, the trial court's judgment is hereby reversed. Appellant's plea and conviction are vacated and the matter is remanded to the trial court for further proceedings according to law and consistent with this Court's opinion.

Waite, J., concurs.

DeGenaro, P.J., concurs.