[Cite as *Cleveland Hts. v. Brisbane*, 2016-Ohio-4564.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 103459

**CITY OF CLEVELAND HEIGHTS**

PLAINTIFF-APPELLEE

vs.

**ALPHONSO BRISBANE**

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cleveland Heights Municipal Court
Case No. TRC-14-05027

**BEFORE:** Celebrezze, J., E.T. Gallagher, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** June 23, 2016

**FOR APPELLANT**

Alphonso S. Brisbane, pro se
5812 Monica Lane
Cleveland, Ohio 44125


**ATTORNEY FOR APPELLEE**

Tiffany A. Hill
Cleveland Heights City Prosecutor
Cleveland Heights City Hall
40 Severance Circle
Cleveland Heights, Ohio 44118

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Appellant, Alphonso Brisbane, challenges his conviction for operating a vehicle while intoxicated. In his pro se brief, he asserts errors related to suppression of evidence, suspension of his driver's license, representation by an attorney that had withdrawn from the case, and speedy trial. After a thorough review of the record and law, this court reverses appellant's plea and conviction.

## I. Factual and Procedural History

**{¶2}** On April 24, 2014, Sergeant John Gideon, a Cleveland Heights police officer, observed a car traveling at a high rate of speed on Monticello Boulevard in Cleveland Heights, Ohio. The radar device in the sergeant's police cruiser indicated appellant was traveling 49 m.p.h. in a 35 m.p.h. zone.

**{¶3}** After determining that the vehicle was speeding, the sergeant activated his overhead lights and sirens and attempted to pull the vehicle over. The suspect's vehicle did not stop. Instead, the driver of the vehicle attempted to evade the officer for approximately one mile — failing to stop at a number of stop signs during the course of the chase. The vehicle eventually stopped in a driveway, and Sergeant Gideon observed signs of intoxication when questioning appellant — the driver of the car.

**{¶4}** The officer attempted to administer field sobriety tests, but appellant refused to complete the tests as instructed. Specifically, a horizontal gaze nystagmus test was attempted, but appellant would not follow the given instructions. Appellant was instructed several times to follow Sergeant Gideon's finger with his eyes while keeping his head still. Appellant kept moving his head rather than following the officer's finger by gazing sideways. Appellant was

arrested and transported to Cleveland Heights jail after several failures to comply with the instructions for the administration of this test. There, he refused a breath test. After the refusal, Cleveland Heights police processed the necessary forms for an automatic license suspension ("ALS").

{¶5} On April 28, 2014, appellant was charged with operating a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) with a notice of two prior violations within six years, driving with a suspended license in violation of Cleveland Heights Codified Ordinances ("C.H.C.O.") 335.071, failure to reinstate a driver's license in violation of C.H.C.O. 335.073, reckless operation of a motor vehicle in violation of C.H.C.O. 333.09, speeding in violation of C.H.C.O. 333.03(B), and failure to stop at a stop sign in violation of C.H.C.O. 331.19. Appellant was appointed counsel, and he signed a waiver of speedy trial rights.

{¶6} Appellant filed a motion to suppress the evidence against him arguing the initial stop was unlawful and therefore the evidence that flowed from it was not admissible. Further, appellant challenged the admission of evidence related to his refusal to submit to a breath test and any statements he made before being advised of his rights following arrest as set forth in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

{¶7} The trial court held a hearing on the suppression motion and heard testimony from the arresting officer. The officer supplied the above-mentioned facts and testified to appellant's refusal to take a breath test after being properly informed of the consequences of refusal. A 45-minute video documenting appellant's time at the Cleveland Heights jail during his booking and the attempted administration of the breath test was also played by appellant. The trial court denied appellant's motion to suppress.

{¶8} The case was delayed for a number of reasons, including appellant's failure to

appear at a pretrial conference, the withdrawal of appellant's first attorney, the appointment and withdrawal of appellant's next attorney, and the appointment of new counsel. After several continuances that resulted from these events, trial was finally scheduled for July 16, 2015. On that date, appellant accepted a plea agreement with the state and a change of plea hearing was held. Appellant entered a no-contest plea to operating a vehicle while intoxicated with a specification that it was the third such conviction in six years. The other charges were dismissed, the court found him guilty, and a sentencing hearing was set for August 24, 2015.

{¶9} Appellant's attorney, who had filed a motion to withdraw on July 8, 2015, that was granted on the day of the change of plea hearing, agreed to represent appellant during the sentencing hearing. There, the trial court imposed a six-month jail sentence with all but 30-days suspended. The court also imposed a fine of $2,700 with all but $850 suspended. The court imposed one year of active community control followed by one year of inactive community control, required appellant to attend 15 Alcoholics Anonymous meetings, and required completion of an alcohol abuse program. Finally, the court suspended appellant's driver's license for a period of 18 months without any credit for the time under which his license was suspended as a result of the ALS.

{¶10} Appellant filed a timely appeal assigning seven errors for review:

I. The trial court erred in denying [appellant's] motion to suppress all evidence based on a lack of a valid probable cause for the stop, search and [seizure].

II. The trial court erred by allowing an invalid BAC report into evidence.

III. The trial court erred in allowing an inconclusive field sobriety test into evidence.

IV. The trial court erred in denying the appeal to terminate [appellant's] administrative license suspension.

V. The trial court erred by allowing attorney Larry G. Smith, to represent and negotiate a plea deal on [appellant's] behalf after knowing that his motion to withdraw [as] counsel was granted by the trial court on July 8, 2015 prior to the unwanted bench trial scheduled for July 16, 2015, without informing [appellant].

VI. The trial court erred by denying [appellant's] motion to dismiss based on the speedy trial statute pursuant to R.C. 2945.71 and the Fifth and Fourteenth Amendments to the United States Constitution.

VII. The trial court erred by suspending [appellant's] driver's license from August 24, 2015 to February 2, 2017 without giving any credit for the time already served (August 27, 2014 - August 24, 2015) by [appellant].

## II. Law and Analysis

### A. Suppression of Evidence

{¶11} Appellant's first three assignments of error attack the validity of his initial traffic stop and the admission of various pieces of evidence that resulted from the stop.

### 1. Reasonable Suspicion of Criminal Activity

{¶12} In his first assignment of error, appellant claims there was an insufficient basis to stop and subsequently question him. Appellant claims all the evidence against him should have been suppressed for this reason.

{¶13} This court reviews a decision on a suppression motion under a mixed standard of review. "In a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility." *State v. Curry*, 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist.1994). The reviewing court must accept the trial court's findings of fact in ruling on a motion to suppress if the findings are supported by competent, credible evidence. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.

{¶14} The Fourth Amendment of the United States Constitution, as well as Article I,

Section 14, of the Ohio Constitution, prohibit unreasonable searches and seizures absent probable cause. This includes the stop of automobiles and the seizure of its occupants. *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979), paragraph two of the syllabus. Where an officer stops a motorist after observing a violation of a traffic law, probable cause exists for the detention in order to issue a citation. *Dayton v. Erickson*, 76 Ohio St.3d 3, 11-12, 665 N.E.2d 1091 (1996). "[I]n assessing whether the police had probable cause to arrest for OVI, we must determine 'whether, at the moment of arrest, the police had information sufficient to cause a prudent person to believe that the suspect was driving under the influence.'" *Cleveland v. Reese*, 8th Dist. Cuyahoga No. 100579, 2014-Ohio-3587, ¶ 23, quoting *Middleburg Hts. v. Gettings*, 8th Dist. Cuyahoga No. 99556, 2013-Ohio-3536, ¶ 26, citing *Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).

{¶15} Here, Sergeant Gideon testified that he observed appellant's vehicle traveling over the posted speed limit within the officer's jurisdiction. Sergeant Gideon testified at the suppression hearing that appellant then failed to heed the signals of overhead lights and sirens. Sergeant Gideon also testified that appellant ran stop signs while attempting to evade him for a short distance. The chase finally ended in a driveway approximately one mile away from where the officer attempted to initiate a traffic stop. This presents sufficient evidence of criminal activity for Sergeant Gideon to initiate a traffic stop. After appellant was apprehended, Sergeant Gideon learned that appellant's driver's license was suspended. Sergeant Gideon testified that appellant's failure to comply with the order or signal of a police officer and driving with a suspended license were offenses for which appellant could be and was arrested.

{¶16} "Once a driver has been lawfully stopped, however, an officer may not request a motorist to perform field sobriety tests unless the request is separately justified by a reasonable

suspicion based upon articulable facts that the motorist is intoxicated." *Parma Hts. v. Dedejczyk*, 8th Dist. Cuyahoga No. 97664, 2012-Ohio-3458, ¶ 29, citing *State v. Evans*, 127 Ohio App.3d 56, 62, 711 N.E.2d 761 (11th Dist.1998), citing *State v. Yemma*, 11th Dist. Portage No. 95-P-0156, 1996 Ohio App. LEXIS 3361 (Aug. 9, 1996). The lesser standard of reasonable articulable suspicion of criminal activity requires this court to review the reasonableness of the detention for further investigation based on the totality of the circumstances. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

{¶17} Sergeant Gideon testified that when talking with appellant, he observed that appellant had glassy, blood-shot eyes, slurred speech, and smelled of alcohol. Sergeant Gideon also observed appellant exhibit a lack of coordination. The officer then attempted to administer field sobriety tests, and appellant refused to complete those tests according to the given instructions. Appellant was then transported to Cleveland Heights jail, where he refused a breath test.

{¶18} In a case with similar evidence of intoxication, this court affirmed the administration of field sobriety tests and the subsequent arrest of the motorist:

> Here, the record reflects [the arresting officer] had sufficient information to cause a prudent person to believe [the motorist] was driving while intoxicated: his estimation of her speeding, two hours past midnight on a Saturday night; various traffic infractions; a strong odor from the vehicle in spite of her denial of drinking any alcohol; and the clues exhibited in the field sobriety tests. Based upon these circumstances, we conclude, as the trial court did, that [the arresting officer] had probable cause to arrest [the motorist] for OVI.

*Reese*, 8th Dist. Cuyahoga No. 100579, 2014-Ohio-3587, at ¶ 24.

{¶19} Based on Sergeant Gideon's testimony, the trial court did not err in denying appellant's motion to suppress based on a lack of probable cause for the stop, attempted administration of field sobriety tests, and subsequent arrest.

## 2. Reports and Observations After the Stop

**{¶20}** Appellant also claims in his second and third assignments of error that various reports generated from appellant's refusal to take a breath test and observations of the arresting officer and statements appellant made during his arrest should be suppressed. Specifically, appellant asserts that the times written or stamped on the "BAC observation report" and "alcohol influence sheet" were wrong, meaning their accuracy could not be trusted.

**{¶21}** This court must first note that the video played for the court and admitted as an exhibit is not in the record. This video apparently demonstrated the attempted administration of the breath test and appellant's refusal. Appellant is charged with ensuring that this court has all the necessary items before it in the record to properly rule on the errors assigned. *State v. Grice*, 8th Dist. Cuyahoga No. 97046, 2012-Ohio-1938, ¶ 21. The failure to provide an adequate record means this court must presume that the lower court's decision is correct. *Id.*, citing *State v. Smith*, 8th Dist. Cuyahoga No. 94063, 2010-Ohio-3512, ¶ 11-12.

**{¶22}** Only one of the two forms appellant cites appears in the record — the Bureau of Motor Vehicles ("BMV") Form 2255. This form documents Sergeant Gideon's observations of appellant that indicated he was intoxicated and appellant's refusal to submit to tests. From a discussion of the reports during the suppression hearing, Sergeant Gideon established that the reports identified by appellant as faulty were generated during the course of appellant's arrest and attempts to administer a breath test. First, appellant claims his booking form and BMV Form 2255 should be suppressed because the times on the forms were inaccurate. Likewise, appellant claims the document created by the breath test machine that evidences appellant's refusal should be suppressed because the time stamp was wrong.

**{¶23}** Sergeant Gideon testified there was a discrepancy of about an hour between the

time he wrote on the BMV Form 2255 and the times of other reports because the machines had not been adjusted for daylight savings time. The city laid a proper foundation for the documents through Sergeant Gideon's testimony that was apparently corroborate by the videotape played by appellant at the suppression hearing. Sergeant Gideon also explained the variation in times found on the various exhibits to the trial court's satisfaction. There was no argument below or here that the timing of the refusal was an issue or that the officer did not attempt to administer the test within the time period set forth in R.C. 4511.192. Sergeant Gideon testified the breath test was offered to appellant within the time allowed for by R.C. 4511.19 and 4511.192.

{¶24} Finally, appellant argues that Sergeant Gideon failed to Mirandize him upon his arrest and therefore everything should be suppressed.

{¶25} Statements made as a result of custodial interrogation may not be used unless procedural safeguards are employed to secure the individual's Fifth Amendment privilege against self-incrimination. *Miranda*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, at paragraph one of the syllabus. However,

> [i]n order to merit the protections of the Fifth Amendment privilege against self-incrimination, the evidence must be both "compelled" by the state and of a "testimonial" or "communicative" nature. *Deering v. Brown* (C.A., 9), 839 F.2d 539, citing *Schmerber v. California* (1966), 384 U.S. 757, 764, 86 S.Ct. 1826, 16 L.Ed.2d 908. In *Deering*, the Ninth Circuit concluded that a refusal was not testimonial because it "was not used for the testimonial or communicative content * * *. Rather, it was used to show that he had not performed the physical act of actually taking the test when requested." *Id*. at 542.

*Middleburg Hts. v. Henniger*, 8th Dist. Cuyahoga No. 86882, 2006-Ohio-3715, ¶ 15. The refusal to take a breath test is not testimonial in nature:

> The United States Supreme Court held that the admission of a defendant's refusal to take a chemical test does not violate a defendant's Fifth and Fourteenth Amendment rights. *South Dakota v. Neville*, 459 U.S. 553, 564-566, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983). Similarly, the Ohio Supreme Court held that a

defendant's refusal to submit to a chemical test may properly be considered when evaluating whether or not a defendant was under the influence of alcohol. *Maumee v. Anistik*, 69 Ohio St.3d 339, 632 N.E.2d 497 (1994), syllabus.

*Parma v. Benedict*, 8th Dist. Cuyahoga No. 101480, 2015-Ohio-3340, ¶ 28.

**{¶26}** Further, the refusal to take a breath test is not compelled speech in the sense that Fifth Amendment protections arise in states where an implied consent statute is in place. *Henniger* at ¶ 18-20. In Ohio, persons using the public roadways in the state consent to the administration of a test for impaired driving pursuant to R.C. 4511.191 where an officer has reason to believe the driver is intoxicated. *Id*. at ¶ 19.

**{¶27}** Therefore, the trial court was not required to suppress appellant's refusal to take a breath test because that refusal was nontestimonial.

**{¶28}** When the suppression motion was argued to the trial court on this issue, the only statements brought to the court's attention that should be suppressed because of a lack of *Miranda* warning were the statements appellant made to Sergeant Gideon that appellant was driving the car and that appellant's uncle had died. These statements were made when the officer asked appellant why he did not stop when the officer attempted to pull him over. This was prior to his arrest and occurred on the side of the road. The trial court found no justification for suppressing those statements, but allowed appellant to file a brief identifying any other statements that should be suppressed as a result of a failure to Mirandize appellant. No brief appears in the record.

**{¶29}** Roadside questioning following a traffic stop generally does not constitute a custodial interrogation for purposes of *Miranda,* but it depends on the surrounding facts and circumstances. *Henniger,* 8th Dist. Cuyahoga No. 86882, 2006-Ohio-3715, ¶ 15 ("Questions normally attendant to arrest and custody do not constitute interrogation for Miranda purposes.").

Based on the facts and circumstances of this case as adduced at the suppression hearing, the court did not err in denying appellant's motion to suppress the two above-mentioned statements argued by appellant to the trial court. Those statements were volunteered to Sergeant Gideon at the side of the road after appellant was stopped for speeding and after attempting to elude the police officer. The officer asked why appellant failed to stop for him, and the statements constituted appellant's response to that question.

{¶30} Appellant has failed to put forth a sufficient basis to reverse the trial court's decision denying his suppression motion. Therefore, his first three assignments of error are overruled.

## B. ALS Appeal

{¶31} In appellant's fourth assignment of error, he claims the court should have vacated the ALS that resulted from his refusal to take a breath test. Appellant's arguments rest on the error in the time written on the BMV Form 2255 and the fact that the administering officer did not inform appellant how the Breathalyzer machine functioned.

{¶32} R.C. 4511.197(A) provides a right to appeal an ALS to the trial court. R.C. 4511.197(C) sets forth the scope of such an appeal:

> If a person appeals a suspension * * * the scope of the appeal is limited to determining whether one or more of the following conditions have not been met:
>
> (1) Whether the arresting law enforcement officer had reasonable ground to believe the arrested person was operating a vehicle,* * * and whether the arrested person was in fact placed under arrest;
>
> (2) Whether the law enforcement officer requested the arrested person to submit to the chemical test or tests designated pursuant to division (A) of section 4511.191 of the Revised Code;
>
> (3) If the person was under arrest as described in division (A)(5) of section 4511.191 of the Revised Code, whether the arresting officer advised the person at

the time of the arrest that if the person refused to take a chemical test, the officer could employ whatever reasonable means were necessary to ensure that the person submitted to a chemical test of the person's whole blood or blood serum or plasma; or if the person was under arrest other than as described in division (A)(5) of section 4511.191 of the Revised Code, whether the arresting officer informed the arrested person of the consequences of refusing to be tested or of submitting to the test or tests;

(4)   Whichever of the following is applicable:

(a)   If the suspension was imposed under division (B) of section 4511.191 and section 4511.192 of the Revised Code, whether the arrested person refused to submit to the chemical test or tests requested by the officer;

* * *.

{¶33} The standard employed by the trial court is "whether the arresting law enforcement officer had reasonable ground to believe the arrested person was operating a vehicle * * * in violation of division (A) or (B) of section 4511.19" — i.e. was intoxicated.   R.C. 4511.197(C)(1).   It is the appellant in an ALS appeal that has the burden of proving by a preponderance of the evidence that the arresting officer failed to give the necessary advisement or lacked reasonable grounds. R.C. 4511.197(D).   *State v. Carnes*, 1st Dist. Hamilton No. C-140188, 2015-Ohio-379, ¶ 8.

{¶34} R.C. 4511.192(B) provides the advisement that an officer must give.   The officer administering a breath test must orally advise the individual as well as provide a written copy of the advisement.   R.C. 4511.192(A).

{¶35} During Sergeant Gideon's testimony, he explained that he read appellant the BMV Form 2255, which he testified contained the advisement set forth in R.C. 4511.192(B).   He testified that he appropriately advised appellant of the consequences of refusing to submit to a breath test and provided him with a written copy of the advisement so that appellant could follow along while Sergeant Gideon read the advisement.   Sergeant Gideon testified that appellant

refused the test after the advisement was read and shown to appellant. Further, discussion of the video played for the trial court appeared to corroborate the officer's testimony and that it was witnessed by a second officer as required by R.C. 4511.192(A).[1] Sergeant Gideon was not required to explain to appellant how the machine operated or the process for administering a breath test where appellant refused the test. Pursuant to R.C. 4511.192, the officer was required to advise appellant of the consequences of refusal, which was done in this case.

{¶36} Appellant also argues the document evidencing his refusal was invalid because it contained a written time of refusal that was contradicted by Sergeant Gideon's testimony. The discrepancy in the time listed on the sheet does not invalidate the ALS as the officer explained the time discrepancy was due to a clock not being adjusted for daylight savings time. The trial court relied on the officer's testimony and, as corroborated by the video, determined that the refusal and accompanying documentation was not invalid.

## C. Speedy Trial

{¶37} An accused enjoys a state and federal constitutional right to a speedy trial. *State v. O'Brien*, 34 Ohio St.3d 7, 516 N.E.2d 218 (1987). However, that right may be waived, provided the waiver is knowing and intelligent. *State v. King*, 70 Ohio St.3d 158, 637 N.E.2d 903 (1994), citing *Barker v. Wingo*, 407 U.S. 514, 529, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The Ohio Supreme Court has held that an express written waiver of one's statutory rights to a speedy trial, made knowingly and voluntarily, also constitutes a waiver of his speedy trial rights guaranteed by the United States and Ohio Constitutions. *Id.*, citing *O'Brien* at paragraph one of the syllabus.

{¶38} "[T]o be effective, an accused's waiver of his or her constitutional and statutory

---

[1] The video was not contained in the record submitted to this court, but discussion of the video during the hearing indicated the BMV Form 2255 was read to appellant.

rights to a speedy trial must be expressed in writing or made in open court on the record." *King* at 161.

{¶39} Here, there is a waiver of speedy trial signed by appellant in the record. The waiver was signed by appellant on April 28, 2014, and filed with the court the same day. There is no argument that this waiver was invalid or ineffective. The first instance where it could be argued that appellant revoked the waiver was when he filed a motion to dismiss based on speedy trial on July 16, 2015. This was the same day appellant pled no contest to the charges. Based on this, appellant's speedy trial rights were not violated. This assigned error is overruled.

### D. Plea Hearing

{¶40} At oral arguments, partially in his statement of the case, and in arguing some of the other assignments of error, appellant asserted that he was denied his right to a jury trial. This was not specifically raised as error, so this court asked for additional briefing on this issue to give the city the ability to address the issue. The city failed to file a brief in response to this court's order. Therefore, we proceed to address this issue after giving the city an opportunity to respond.

{¶41} Appellant argued in a portion of his fifth assignment of error, at oral arguments, and in his supplemental brief that the trial court erred in failing to hold or set a jury trial where he never waived that right. R.C. 2945.17 provides for the right to a jury trial where a defendant may be subjected to a prison or jail term for other than a minor misdemeanor. *Id.* Crim.R. 23 places certain requirements on this right. This rule states,

> In serious offense cases the defendant before commencement of the trial may
>
> knowingly, intelligently and voluntarily waive in writing his right to trial by jury.
>
> Such waiver may also be made during trial with the approval of the court and the

consent of the prosecuting attorney. In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto.

{¶42} For petty offenses, a criminal offender must request a jury trial in writing in order to be entitled to one. In the case of serious offenses, a criminal defendant is entitled to a jury trial unless that right is waived.

{¶43} R.C. 4511.19(G)(1)(c) provides that a conviction for OVI with notice of two prior convictions within six years may result in a jail term of up to one year. Therefore, this is a serious offense under Traff.R. 2(E) and Crim.R. 2(C).

{¶44} In response to appellant's claimed denial of the right to a jury trial at oral arguments, the city asserted that no written request for a jury trial was ever made by appellant. The city failed to recognize that this case involved a serious offense.

{¶45} Here, no signed jury waiver is present in the record, nor did appellant waive his right to a jury trial in open court as required by R.C. 2945.05. However, the entrance of a guilty or no-contest plea constitutes a waiver of a right to a jury trial. *Martin v. Maxwell*, 175 Ohio St. 147, 191 N.E.2d 838 (1963); *Frett v. State*, 8th Dist. Cuyahoga Nos. 100241 and 100304, 2013-Ohio-5441, ¶ 11; *State v. Beckford*, 4th Dist. Washington Nos. 95CA5 and 96CA2, 1996 Ohio App. LEXIS 5837, 11 (Dec. 23, 1996) (applying the holding to a no-contest plea in a petty misdemeanor case). Cases holding that a court, pursuant to R.C. 2945.05, may not proceed with

a bench trial absent a signed written waiver entered into on the record and filed with the clerk are inapplicable here: "This statutory provision, however, has no application where a criminal defendant has entered a plea of guilty. This is so because the guilty plea itself waives a trial, thereby obviating the need for a written waiver as contemplated by R.C. 2945.05." *State v. Smith*, 8th Dist. Cuyahoga No. 79292, 2001 Ohio App. LEXIS 5290, 4-5 (Nov. 29, 2001), citing *Matey v. Sacks*, 284 F.2d 335, 338 (6th Cir.1960).

**{¶46}** Therefore the trial court did not err in accepting appellant's plea without a valid waiver of a trial by jury.

**{¶47}** Crim.R. 11(D) and Traf.R. 10(C) both provide similar guidelines for the acceptance of a no-contest plea in a case involving a serious misdemeanor. A trial court accepting a plea to a serious misdemeanor is not obligated to set forth the rights being waived by the entrance of a plea. *State v. Dobbins*, 2d Dist. Miami No. 2006-CA-18, 2007-Ohio-1665, ¶ 56.

> In *State v. Sexton*, Greene App. No. 04CA14, 2005-Ohio-449, ¶ 17, we observed that "unlike Crim.R. 11(C), which applies to felonies, Crim.R. 11(D), which applies to misdemeanor cases involving serious offenses, does not require the court to inform the defendant of the rights he or she waives by entering a plea of guilty or no contest. While doing so is good practice in accepting pleas to misdemeanor offenses, the rule imposes no duty on the court to do that." Because the language of Traf.R. 10(C) and Crim.R. 11(D) is the same, we likewise conclude that the trial court was not required to inform [the defendant] of the specific rights he was waiving by entering a no-contest plea.

*Id.* However, a trial court must still personally address a defendant and inform the defendant of the effects of the plea and ensure that the plea is being entered voluntarily.

**{¶48}** This court reviews that colloquy for substantial compliance. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. "Under the substantial-compliance standard, we review the totality of circumstances surrounding [a defendant's] plea and determine whether he subjectively understood that a" no-contest plea is not an admission of guilt but an

admission to the facts alleged in the complaint and that the plea is entered voluntarily. *Id.*; Crim.R. 11(B) and (D). Appellant must establish prejudice from the failure to properly advise, and in this context, prejudice exists where the plea would have otherwise not been made. *Griggs* at ¶ 12, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶49} Here, the trial court did personally address the defendant, but did not inform him of the effects of a no-contest plea. Further, the court did not seek to ensure that appellant's plea was being entered voluntarily. In fact, the record indicates a strong likelihood that was not the case.

{¶50} When the case was called for trial, the court asked appellant's attorney if he was prepared to go forward. The attorney indicated he was not because he had filed a motion to withdraw from the case. The attorney indicated he was not prepared for trial as a result. The court instructed the parties that the case was set for trial today and would be moving forward unless the matter was resolved by plea. Then, the court ordered a brief recess so that a plea agreement could be discussed between the parties. Following that recess, appellant entered a no-contest plea to the OVI offense with notice of two prior convictions within six years.

{¶51} The court did not ask any questions about whether appellant was voluntarily entering his plea, and the record reflects a definite probability that the plea was not entered voluntarily. The Supreme Court of Ohio has held that a failure to address completely a required portion of the Crim.R. 11 plea colloquy does not "implicate an analysis of prejudice." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32. This is true whether the required element is constitutional or nonconstitutional. *Id*. Here, the court said nothing about the effects of the plea or inquired about the voluntary nature of the plea. Therefore, the court did not substantially comply with the requirements of Crim.R. 11(D).

**{¶52}** Further, the court informed appellant that the maximum penalty he faced was 30 days in jail even though appellant was subject to up to one year in jail at the discretion of the trial court.

**{¶53}** A similar situation occurred in *State v. Morgan*, 7th Dist. Mahoning No. 13 MA 80, 2014-Ohio-654, ¶ 21. There, Morgan was informed that he faced a maximum penalty of up to 500 hours of community service and a fine. However, he could have been subjected to up to one year in jail, and was actually sentenced to 150 days in jail. *Id*. at ¶ 22. In the present case, appellant did receive more time than the trial court initially informed him he faced during the plea colloquy. He received a six-month jail sentence, but the court suspended all but 30 days. The cases are also similar in that the trial courts did not inform the defendants of the effects of the plea or inquire to ensure that a plea was being entered voluntarily. *Id*. at ¶ 16. The *Morgan* court vacated the plea and conviction. *Id*. at ¶ 24. This court does the same.

**{¶54}** The resolution of this assigned error renders appellant's remaining assignments of error regarding ineffective assistance of counsel and license suspension credit moot.

### III. Conclusion

**{¶55}** The trial court did not err in denying appellant's motion to suppress the evidence against him as the officer had probable cause to administer field sobriety tests and for the attempted administration of a breath test. The trial court also did not err in denying appellant's ALS appeal as the arresting officer properly explained the consequences of refusal and documented that refusal with the appropriately witnessed form and the video of the refusal. Appellant's speedy trial rights were not violated where he voluntarily waived them. Finally, the court erred in accepting appellant's plea without properly advising appellant according to Crim.R. 11.

**{¶56}** This cause is reversed and remanded to the municipal court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

EILEEN T. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR